## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE NATIONAL CONSUMERS LEAGUE
1701 K Street, NW, Suite 1200, Washington, DC
20006, on behalf of the general public,

        Plaintiff,

    v.

BIMBO BAKERIES USA
255 Business Center Drive, Horsham, PA 19044,

        Defendant.

Civil Case No. _____

[D.C. Superior Court
2013-CA-0006548 B]

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Bimbo Bakeries USA, Inc. ("BBUSA")

invokes this Court's jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and removes the

above-captioned action from the Superior Court of the District of Columbia to the United States

District Court for the District of Columbia.

Plaintiff, The National Consumers League ("NCL" or "Plaintiff"), alleges various

violations of the District of Columbia's Consumer Protection Act in the federally-regulated area

of consumer food labeling.  This Court has diversity jurisdiction over NCL's lawsuit under 28

U.S.C. § 1332(a) because there is diversity of the two parties and the amount in controversy

exceeds $75,000.  Alternatively, and to the extent NCL's complaint seeks aggregation of the

claims of consumers, removal is proper under the Class Action Fairness Act ("CAFA") because

NCL invokes a state statute and/or rule of judicial procedure that satisfies the definition of a class

action under CAFA, diversity of citizenship exists between one or more members of the putative

class and BBUSA, and the aggregate $5,000,000 amount-in-controversy requirement is satisfied.

As a further alternative, to the extent NCL contends it is asserting claims on behalf of individual claimants for restitution and civil penalties, original jurisdiction is appropriate under CAFA's mass action provision because minimal diversity of citizenship exists, the number of proposed mass action members more likely than not exceeds 100 individuals, the claims under the DCCPA allegedly involve common questions of law or fact, and the amount placed in controversy by NCL's complaint exceeds $5,000,000 in the aggregate.

## I.      BACKGROUND

1.       On September 26, 2013, NCL filed a complaint against BBUSA in the Superior Court of the District of Columbia, Civil Division.  The complaint is captioned *The National Consumers League v. Bimbo Bakeries USA*, Civil Action No. 13-0006548 ("Complaint"), and is assigned to the Honorable John M. Mott.  NCL served a copy of the summons, Complaint, and initial order on counsel for BBUSA via Federal Express on September 27, 2013, pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.  A true and correct copy of the summons, Complaint, and initial order are attached hereto as Exhibit A.

2.       On October 17, 2013, BBUSA filed in the D.C. Superior Court an agreed-upon Consent Motion to Extend Defendant's Time to Respond to the Complaint, a Notice of Appearance of Counsel, and a required Corporate Disclosure Statement.  On October 28, 2013, BBUSA filed in the D.C. Superior Court a Notice of its Notice of Removal to this Court.  A true and correct copy of this notice is attached hereto as Exhibit D.[1]

3.       NCL's single-count Complaint alleges that BBUSA's labeling and advertisement of its Thomas' Light Multi-Grain Hearty English Muffins and Sara Lee Classic Honey Wheat

---

[1]      The D.C. Superior Court Docket for Civil Action No. 13-0006548 and all pleadings filed prior to BBUSA's Notice of Notice of Removal in that action are attached hereto as Exhibit E.

bread products (together, the "Products") violate various provisions of the District of Columbia's

Consumer Protection Act, D.C. Code § 28-3901 *et seq*. ("DCCPA").  Compl., Ex. A ¶¶ 111-122.

> **A.**  **Sara Lee Classic Honey Wheat Bread**

4.  NCL alleges that the Sara Lee Classic Honey Wheat bread product is misbranded

under Section 403(g) of the Federal Food, Drug, and Cosmetic Act.  *Id.* ¶ 36.  NCL alleges that

the use of "Wheat" in the title allegedly violates federal regulations relating to the labeling of

wheat-containing bread products.  *Id.* ¶¶ 36-39.  NCL also alleges that the use of "Wheat"

supposedly misleads consumers to expect that the product contains substantial amounts of whole

wheat.  *Id.* ¶¶ 38-39, 72, 84-86.

5.  NCL alleges that BBUSA, through its labeling and marketing of Sara Lee Classic

Honey Wheat bread, "reaps increased profits by playing on consumer's [sic] desires for whole

wheat products" and "profits from the confusion of consumers who mistakenly believe that

Defendant's Classic Honey Wheat bread contains" substantial amounts of whole wheat.  *Id.* ¶¶

86, 87.

6.  NCL contends that "consumers paid for a product that they reasonably thought to

contain significant amounts of whole wheat" and thus allegedly did not receive the "benefit of

their bargains when they purchased" Sara Lee Classic Honey Wheat bread.  *Id.* ¶¶ 76, 83.  NCL

seeks extensive monetary relief on behalf of individual consumers in the District of Columbia for

the alleged deceptive labeling and marketing of each unit of Sara Lee Classic Honey Wheat

bread.  *See id.* ¶¶ 48-50, *id.* at 24 (Prayer for Relief); *see also infra* ¶¶ 12, 13.

> **B.**  **Thomas' Light Multi-Grain Hearty English Muffins**

7.  NCL alleges that the labeling and marketing for Thomas' Light Multi-Grain

Hearty English Muffins is deceptive because it allegedly implies the product contains multiple

grains in substantial quantities and the label incorrectly suggests that it is a whole grain product. Compl., Ex. A ¶¶ 59-60, 66-70.  In addition, NCL alleges that the use of the term "Multi-Grain" allegedly implies that the product contains primary whole wheat flour, a whole grain ingredient, whereas, according to NCL's contentions, the product contains predominantly refined wheat flour.  *Id.* ¶¶ 52-59.

8.      NCL alleges that BBUSA, through its labeling and marketing of Thomas' Light Multi-Grain Hearty English Muffins, "reaps increased profits by playing on consumer's [sic] desires for multi-grain products" and "profits from the confusion of consumers who mistakenly believe that their multi-grain claims mean that the muffins contain" substantial amounts of whole grains.  *Id.* ¶¶ 70, 71.

9.      NCL contends that consumers "paid for a product that they reasonably thought to contain significant amounts of whole grains" and thus allegedly did not receive the "benefit of their bargains when they purchased" Thomas' Light Multi-Grain Hearty English Muffins.  *Id.* ¶¶ 60, 65.  NCL seeks extensive monetary relief on behalf of individual consumers in the District of Columbia for the allegedly deceptive labeling and marketing of each unit of Thomas' Light Multi-Grain Hearty English Muffins.  *Id.* ¶¶ 48-50, *id.* at 24 (Prayer for Relief); *see also infra* ¶¶ 12, 13.

**C.      The National Consumers League**

10.     NCL is allegedly a nonprofit organization that allegedly focuses its advocacy efforts on consumer protection, including efforts to promote accurate labeling on food products and other consumer goods.  Compl., Ex. A ¶¶ 45-46, 51.

11.     NCL purports to bring this action in its own name on behalf of the general public in the District of Columbia.  *Id.* ¶¶ 48-5, 111.  NCL seeks "redress" for what it alleges is a "pervasive pattern of fraud, deception, and otherwise improper marketing" causing harm to the

"residents of this District."  *Id.* ¶¶ 1, 49.  Thus, NCL requests monetary and other relief on behalf of consumers that paid for the Products they allegedly thought contained significant quantities of whole grains or whole wheat.  *Id.* ¶¶ 60, 76; *see also supra* ¶¶ 6, 9.

12.     Specifically, NCL requests a judgment for restitution, treble or statutory damages in the amount of $1,500 per violation (whichever is greater), and attorneys' fees, experts' fees and costs together with interest.  Compl., Ex. A at 24 (Prayer for Relief (c), (d)).  NCL's Complaint suggests that the statutory damages amount of $1,500 per violation would be assessed, at a minimum, upon units of Thomas' Light Multi-Grain Hearty English Muffins and Sara Lee Classic Honey Wheat bread sold in the District of Columbia.[2]  *See id.* ¶¶ 59, 73.

13.     NCL also requests non-monetary relief in the form of a declaratory order that BBUSA's labeling and advertising violates the DCCPA, attorneys' fees, an injunction from continuing labeling and advertising found to violate the DCCPA, an order for corrective advertising or revised labeling, and any additional relief the Court may deem proper.  *Id.* at 24 (Prayer for Relief (a), (b), (e)).

## II.     REMOVAL IS TIMELY

14.     BBUSA has timely removed this action within thirty (30) days of service.  NCL served BBUSA in Horsham, Pennsylvania with the summons, Complaint, and initial order on September 27, 2013.  Ex. A.  Because this Notice of Removal is filed within thirty (30) days of

---

[2]     This Notice of Removal discusses the nature and amount of damages placed in controversy by NCL's Complaint.  BBUSA's reference to specific dollar amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum.  BBUSA maintains that NCL's claim is without merit and that BBUSA is not liable to NCL, the general public, and/or the putative class NCL seeks to represent.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that NCL will or could actually recover any dollar amounts referenced herein as damages based upon the allegations contained in the Complaint or otherwise.

service of the Complaint on BBUSA, it is timely under 28 U.S.C. § 1446(b).  A civil cover sheet for removal is attached hereto as Exhibit C.

15.     No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III.     THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

16.     This Court has original jurisdiction based on diversity of citizenship between BBUSA and NCL.  In the alternative, this Court has jurisdiction under CAFA as NCL's lawsuit is either a class action under 28 U.S.C. § 1332(d) or a mass action under 28 U.S.C. § 1332(d)(11)(A).

### A.     This Court Has Diversity Jurisdiction Under 28 U.S.C. § 1332(a)

#### 1.     Diversity of Citizenship Exists

17.     NCL is the only plaintiff in this case.  No other party is identified in the Complaint.  Compl., Ex. A.

18.     The summons provides that BBUSA is to serve a copy of its Answer only to the Plaintiff, NCL.  Summons, Ex. A.

19.     Fed. R. Civ. P. 17 provides in relevant part that "[a]n action must be prosecuted in the name of the real party in interest."  Rule 17(a) explicitly exempts certain parties from the general rule that the named party be the real party in interest.  Fed. R. Civ. P. 17(a).  Among others, "a party authorized by statute" is exempt from the general rule.  Fed. R. Civ. P. 17(a)(1)(G).

20.     NCL is the only party in interest in this action.  Fed. R. Civ. P. 17(a)(1)(G).

21.     NCL alleges that it is authorized to bring this action by the DCCPA.  Compl., Ex. A. ¶ 111 (stating that sole count under DCCPA is alleged "on behalf of the General Public of the District of Columbia pursuant to District of Columbia Code § 28-3905(k)(1)(A)-(D)").  NCL, as

the only alleged party-plaintiff in this action, seeks a lump sum judgment payable only to it. Compl., Ex. A at 24 (Prayer for Relief).

22.     For purposes of 28 U.S.C. § 1332, the "controversy" as framed by the Complaint is only between NCL and BBUSA.

23.     This case involves a single plaintiff asserting a single claim that is in excess of $75,000.  Compl., Ex. A ¶¶ 112-115.

24.     NCL is the only party to the controversy that will receive money from BBUSA in the event of a judgment against BBUSA.  There is no mechanism or procedure alleged in the Complaint or provided for under the DCCPA by which BBUSA would be able to make any payment on a judgment to consumers.  Any monetary relief entered following a judgment against BBUSA would be payable by BBUSA only to NCL as the only party in this action, and would not be payable by BBUSA to any consumers.

25.      Further, insofar as BBUSA can determine, only NCL would be legally bound by a judgment in this action that satisfies Constitutional requirements.  For example, NCL does not specifically identify a procedure by which unidentified consumers are adequately represented, would receive notice of any judgment or settlement, or any opportunity to opt out of any settlement.

26.     NCL was at the time of commencement of this action, and is now, a resident and a citizen of the District of Columbia.  *Id.* ¶¶ 43, 45, 46.

27.     BBUSA was at the time of commencement of this action, and is now, a company incorporated in Delaware, with its principal place of business in Horsham, Pennsylvania.  *Id.* ¶ 47; Declaration of John Monachelli ¶ 2 ("Monachelli Decl.") attached hereto as Exhibit B.

28.     As a result, and for the purposes of 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the parties.  28 U.S.C. §1332(c)(1).[3]

### 2.     *The Amount-In-Controversy Requirement is Satisfied*

29.     While NCL seeks several forms of monetary relief in its Complaint, it does not plead a specific amount of damages.  Because NCL has elected not to plead a specific amount, the "preponderance of the evidence" standard governs the determination of the amount in controversy.  *Mostofi v. Network Capital Funding Corp.*, 798 F. Supp. 2d 52, 55 (D.D.C. 2011) (providing that preponderance of evidence standard applies when the determining amount in controversy).

30.     Although BBUSA disputes that NCL is entitled to any relief on its Complaint, monetary or otherwise, for purposes of removal the question is "not what damages the plaintiff will recover, but what amount is 'in controversy' ***between the parties***" on the date of removal.  *Brill v. Countywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) (emphasis added); *see also Mace v. Domash*, 550 F. Supp. 2d 101, 106 (D.D.C. 2008) (determining amount in controversy based on alleged damages in complaint, cautioning that a "plaintiff's inability to recover an amount adequate must not be conflated with a court's jurisdiction"); *Mostofi*, 798 F. Supp. 2d at 55 (providing amount in controversy is established at date of removal).

31.     Courts may consider the combined total amount of alleged actual damages, statutory penalties, attorneys' fees, and the value of any injunctive or declaratory relief sought.  *See Lurie v. Mid-Atl. Permanente Med. Grp., P.C.*, 729 F. Supp. 2d 304, 332 (D.D.C. 2010); *Zuckman v. Monster Beverage Corp.*, Civ. No. 12-1978 JDB, 2013 WL 3992932, at *6 (D.D.C. Aug. 6, 2013); *GEO Specialty Chemicals, Inc. v. Husisian*, Civ. No. 12-1819 RJL, 2013 WL

---

[3]     Because standing is an analytically distinct concept from NCL's status as a party, BBUSA reserves its rights to challenge NCL's standing to bring this action.

3216041, at *6 (D.D.C. June 24, 2013) (stating that for injunctive relief, courts look to the "costs

to the defendant" (citations omitted)).

32.       D.C. Code § 28-3905(k)(2)(B) provides that "[r]easonable attorney's fees" are

recoverable in a claim brought to enforce the DCCPA.  Thus, attorneys' fees are included in the

amount-in-controversy calculation.  *Zuckman*, 2013 WL 3992932, at *6 (approving, for the

amount-in-controversy determination, a calculation of attorneys' fees under the DCCPA based

on a 33% contingency on plaintiff's estimated statutory damages).

33.       NCL seeks to recover money paid by District of Columbia consumers for

purchases of Thomas's Light Multi-Grain Hearty English Muffins and/or Sara Lee Classic

Honey Wheat bread.  *See supra* ¶¶ 6, 9, 12.

34.       Thomas's Light Multi-Grain Hearty English Muffins are sold in the District of

Columbia.  Ex. A to Monachelli Decl., Ex. B.

35.       Sara Lee Classic Honey Wheat bread is sold in the District of Columbia.  Ex. A to

Monachelli Decl., Ex. B.

36.       NCL seeks "restitution" and "treble damages or statutory damages in the amount

of $1,500 per violation, whichever is greater."  Compl., Ex. A at 24 (Prayer for Relief).  The

Court may consider the amount of the products at issue sold in the District of Columbia in

determining the amount in controversy.  *See supra* ¶ 29-31.

37.       At least 33,834 units of Thomas' Light Multi-Grain Hearty English Muffins were

sold in the District of Columbia in the current Calendar Year through October 6, 2013, for sales

of approximately $111,034.[4]  Ex. A to Monachelli Decl., Ex. B.

---

[4]       Assuming a three year statute of limitations applies, at least 88,216 units of Thomas'
Light Multi-Grain Hearty English Muffins were sold in the District of Columbia in the Calendar
Years of 2011 and 2012, for sales of approximately $278,359.  Ex. A to Monachelli Decl., Ex. B.

38.     At least 35,160 units of Sara Lee Classic Honey Wheat bread were sold in the District of Columbia in the current Calendar Year through October 6, 2013, for sales of approximately $75,132.[5]   Ex. A to Monachelli Decl., Ex. B.

39.     Based on the number of units of the Products sold in the District of Columbia and the minimum statutory damages amount, as well as NCL's claims for restitution, reasonable attorneys' fees, and injunctive relief, the amount-in-controversy requirement is satisfied.  *See* Ex. A to Monachelli Decl., Ex. B; *see also supra* ¶¶ 12, 29-32.

40.     Therefore, this Court has original jurisdiction as diversity of citizenship and the amount-in-controversy requirements are satisfied.

**B.     Alternatively, Federal Subject Matter Jurisdiction Exists Under CAFA (28 U.S.C. § 1332(d))**

41.     NCL alleges that it is authorized to bring this action under section 3905(k)(1)(A)-(D).[6]  Compl., Ex. A ¶¶ 50, 111.

42.     NCL contends that it is authorized to seek relief on behalf of "***consumers***."  Compl., Ex. A ¶¶ 59, 76 (emphasis added).

43.     Section 3905(k)(1)(D) allows "public interest organizations" to seek relief on behalf "of a consumer or a ***class of consumers***" for allegedly deceptive trade practices but that any action brought under this provision "shall be dismissed if the court determines that the public interest organization does not have sufficient nexus to the interests involved of the consumer or class to adequately represent those interests."  *Id.* § 28-3905(k)(1)(D)(i)-(ii) (emphasis added).

---

[5]     Assuming a three year statute of limitations applies, at least 14,891 units of Sara Lee Classic Honey Wheat bread were sold in the District of Columbia in the Calendar Years of 2011 and 2012, for sales of approximately $33,868.  Ex. A to Monachelli Decl., Ex. B.
[6]     Because NCL does not satisfy the pleading requirements of subsections 3905(k)(1)(A)-(C), the most reasonable interpretation of NCL's Complaint is that it is brought under subsection 3905(k)(1)(D) of the DCCPA.

### 1.      *Minimal Diversity Under CAFA is Satisfied*

44.      Under CAFA, diversity jurisdiction exists over class actions with more than

$5,000,000 in controversy in aggregate if any person "named or unnamed" falling within the

definition of the proposed class is a "citizen of a State different from any defendant."  28 U.S.C.

§§ 1332(d)(1)(D), (d)(2)(A).

45.      A "class action" is "any civil action filed under rule 23 of the Federal Rules of

Civil Procedure *or similar State statute or rule of judicial procedure* authorizing an action to be

brought by one or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B)

(emphasis added).

46.      A complaint may be removed under CAFA even when the pleading is not

denominated as a class action.  *See id*.  In adopting CAFA, Congress emphasized that the term

"class action" should be defined broadly to prevent "jurisdictional gamesmanship":

> [T]he Committee further notes that the definition of "class action" is to be
> interpreted liberally.   Its application should not be confined solely to
> lawsuits that are labeled "class actions" by the named plaintiff or state
> rulemaking authority.    Generally speaking, lawsuits that resemble a
> purported class action should be considered class action for the purpose of
> applying these provisions.

S. Rep. No. 109-14, at 35 (2005).

47.      Section 3905(k)(1)(D), as invoked by NCL in its Complaint, specifically

references "class actions" and satisfies the definition of a "class action" under CAFA.  28 U.S.C.

§ 1332(d)(1)(B); Compl., Ex. A ¶ 111.

48.      There is diversity of citizenship between BBUSA and citizens of the District of

Columbia.  *See supra* ¶ 27; *see also* 28 U.S.C. §§ 1332(c)(1), (d)(2).  Thus, at least one member

of the putative class is a citizen of a state different from BBUSA.  28 U.S.C. § 1332(d)(2)(A)

(requiring only minimal diversity under which any member of a class of plaintiffs is a citizen of a State different from any Defendant).

**2.    *The Aggregated Claims Exceed $5,000,000***

49.     Pursuant to CAFA, the claims of the individual members of the class action are aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs.  *See* 28 U.S.C. § 1332(d)(6).

50.     Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)."  Senate Judiciary Report, S. Rep. No. 109-14, at 42 (2005).

51.     Where, as here, a plaintiff does not expressly plead a specific amount of damages, a defendant must only show a reasonable probability that the amount in controversy exceeds $5,000,000.  *See Brill*, 427 F.3d at 449; *Mostofi*, 798 F. Supp. 2d at 55.

52.     Based on the number of units of the Products sold in the District of Columbia and the minimum statutory damages amount, as well as NCL's claims for restitution, reasonable attorneys' fees, and injunctive relief, the aggregate amount-in-controversy requirement is satisfied.  *See* Ex. A to Monachelli Decl., Ex. B; *see also supra* ¶¶ 12, 29-32.

### C.    Alternatively, Jurisdiction Under CAFA (28 U.S.C. § 1332(d)(11)(A)) Exists Because NCL has Brought a Mass Action Composed of Individual Claims for Monetary Damages

53.     Alternatively, this case satisfies the mass action provision of CAFA.  *See* 28 U.S.C. § 1332(d)(11)(B)(i).

54.     A "mass action" is any civil action "in which monetary relief claims of 100 or more are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."  *Id.*

55.     NCL is asserting claims on behalf of individual customers for monetary relief in the form of restitution and statutory damages.  Compl., Ex. A at 24 (Prayer for Relief (c)).  The number of consumers of the Products within the District of Columbia more than likely exceeds 100.  *See* Ex. A to Monachelli Decl., Ex. B.

56.     Removal as a mass action is proper because the number of proposed mass action members is more than likely 100 or greater, diversity of citizenship exists between one or more members of the putative mass action and BBUSA, the claims would involve a common question of law or fact, and the amount placed in controversy by NCL's Complaint exceeds, in the aggregate, $5,000,000 exclusive of interests and costs.  Ex. A to Monachelli Decl., Ex. B; *see also* 28 U.S.C. §§ 1332(d), 1453; Compl., Ex. A ¶¶ 59-60, 76; *supra* ¶¶ 48-52.

57.     NCL bears the burden of establishing that an exception to CAFA jurisdiction applies.  *See, e.g.*, *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 153 (3d Cir. 2009) (citing *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003) and explaining  that "the rule—that a plaintiff bears the burden of demonstrating an exception to removability— follows from the structure of a statute providing for removability absent an express exception"). NCL cannot bear its burden of establishing that the 'general public' exception applies because NCL seeks restitution and civil penalties on behalf of individual claimants.  *See* 28 U.S.C. § 1332(d)(11)(B)(ii)(III); *see Mississippi ex rel. Hood v. AU Optronics Corp.*, 701 F.3d 796, 802 (5th Cir. 2012) (finding 'general public' exception under section 1332(d)(11)(B)(ii)(III) inapplicable where "all of the claims" in the mass action are asserted on behalf of individual customers, the real parties in interest)[7]; *Hood v. JPMorgan Chase & Co.*, Civ. No. 12-565-WHB-

---

[7]     The United State Supreme Court recently granted certiorari in *Mississippi ex rel. Hood v. AU Optronics Corp.* to address whether a State's *parens patriae* action is removable as a mass action under CAFA.  *Mississippi ex rel. Hood v. AU Optronics Corp.*, 133 S. Ct. 2736 (2013).

LRA, 2013 WL 3946002, at *8 (S.D. Miss. July 31, 2013) (same); *see also* D.C. Code § 28-3905(k)(2)(A), (E).

58.     NCL also bears the burden of establishing that any individual mass action member has a claim under $75,000.  28 U.S.C. § 1332(d)(11)(B)(i); *see also Hood*, 2013 WL 3946002, at *13 (stating that the burden to show the $75,000 individual amount in controversy exception rests on the party seeking remand).  NCL is the only party identified in the Complaint. Until the identities of individual mass action members are known, the Court cannot consider the individual $75,000 exception under section 1332(d)(11)(B)(i) for mass action members.  *Hood*, 2013 WL 3946002, at *13.  To the extent NCL seeks to invoke this exception, BBUSA requests that the Court permit limited discovery to identify each potential mass action member or consumer NCL alleges a claim on behalf of who might meet this exception.  *See id.* at *13-14 (providing that a court can only apply the $75,000 exception once mass action members are identified and the value of their individual claims are assessed).

## IV.     <u>THE OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED</u>

59.     As set forth above, this Notice of Removal is filed within thirty (30) days of service of the Complaint upon BBUSA.

60.     As NCL originally filed this action in the Superior Court of the District of Columbia, removal to the United States District Court for the District of Columbia is proper under 28 U.S.C. § 1441(a).

61.     As required by 28 U.S.C. § 1446(d), BBUSA will provide notice of this removal to NCL through its attorney of record.

62.     As required by 28 U.S.C. § 1446(d), a copy of this notice will be filed with the Superior Court of the District of Columbia.

63.     If any questions arise as to the propriety of removal of this action, BBUSA requests a hearing and the opportunity to present a brief and/or supplemental declarations in support of its position that this case is removable.

**WHEREFORE**, BBUSA, desiring to remove this case to the United States District Court for the District of Columbia, prays that the filing of this Notice of Removal shall effect the removal of this action to this Court.


Dated: October 28, 2013                    Respectfully submitted,


                                           MORGAN, LEWIS & BOCKIUS LLP


                                           By: /s/ Steven A. Luxton
                                               Steven A. Luxton (D.C. Bar No. 25898)
                                               1111 Pennsylvania Avenue, NW
                                               Washington, D.C. 20004
                                               Telephone: 202.739.3000
                                               Facsimile:  202.739.3001
                                               sluxton@morganlewis.com

                                               James D. Pagliaro*
                                               Thomas J. Sullivan*
                                               1701 Market Street
                                               Philadelphia, PA 19103
                                               Telephone: 215.963.5000
                                               Facsimile:  215.963.5001
                                               jpagliaro@morganlewis.com
                                               tsullivan@morganlewis.com

                                               *Pro Hac Vice Admission Pending

                                               Attorneys for Defendant
                                               Bimbo Bakeries USA, Inc.